IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICKEY EDWARD LEVI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-142 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. Petitioner is currently incarcerated at the Neal Unit pursuant to a conviction for the offense of assault on a public servant and the resultant 10-year sentence out of the 54th District Court of McLennan County, Texas. *See State v. Levi*, No. 2010-626-C2. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On May 12, 2016, in disciplinary case number 20160277010, petitioner was charged under Level 2, Codes 27.0 and 20.3 of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders* with the offenses of being out of place and engaging in consensual sexual acts with others. [ECF 21-2 at 5]. These offenses were alleged to have occurred on April 12, 2016. *Id*. Specifically

it was alleged that petitioner:

> [Did] engage in a consensual act with offender [] by laying down with offender [] on his bed doing up and down movements while [petitioner] had his boxers off for the purpose of sexual gratification. Furthermore [petitioner] was in cell P-49 when in fact said offender had no authorization to be in such place.

*Id.* On the morning of May 17, 2016, petitioner was notified of the charges and indicated in writing that he wished to attend a hearing on the charges. *Id*. at 3.

In the Service Investigation Work Sheet completed that same date, counsel substitute for petitioner indicated petitioner was pleading not guilty, stated he did not commit the act in question, did not request witnesses, but did request the video as documentary evidence at the disciplinary hearing. *Id*. at 9.

On the morning of May 18, 2016, a Disciplinary Hearing Officer (DHO) conducted the hearing. *Id*. at 3. The DHO found petitioner guilty of the charged offense based on the officer's report and the officer's testimony and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time credit.[1]  *Id*.

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On May 27, 2016, relief was denied at Step 1 with the following response:

> Disciplinary Report #20160277010 and all related investigative documentation has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within Agency guidelines. The unforeseen ramifications of your actions in a prison environment could result in serious consequences and will not be tolerated. Furthermore, a consensual act with another Offender will not be tolerated. No further action is warranted in this matter.

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). On September 16, 2016 petitioner filed a pleading entitled "Judicial Notice of New Evidence." [ECF 14]. The Court notes petitioner's comment that as a result of the disciplinary case his parole release was withdrawn.

[ECF 21-1 at 4].  Petitioner filed a second Step 1 grievance that also was denied May 27, 2016 as "redundant."  *Id*. at 6.  On June 20, 2016, relief was denied at Step 2 with findings that there was sufficient evidence to sustain the charge and the finding of guilt, that the hearing was conducted per policy with no due process or procedural errors being noted, and that the punishment assessed was within agency guidelines.  *Id*. at 8.

Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. The date, time and location of the alleged incident on the offense report is wrong;

2. The DHO did not review the surveillance video, did not use it at the hearing to support the charging officer's testimony and denied petitioner the right to see the video;

3. There was insufficient evidence to support a guilty finding; and

4. Petitioner was denied effective assistance of counsel substitute.

## III.
## EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Consequently, no relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists.  Petitioner's habeas application may, however, be denied on the merits

notwithstanding any failure to exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(2).  This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process.  *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980).  Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented."  28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]  Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court.  To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  Nor is a federal claim adequately presented to the state by presenting somewhat similar claims.  *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Respondent has alleged petitioner's first and third claims are not properly exhausted and as such are procedurally defaulted.  [ECF 20 at 2].  Specifically, respondent argues petitioner did not raise his first claim regarding the incorrect date, time and location of the alleged incident on the offense report in his first Step 1 grievance, but raised it in his subsequent Step 1 grievance that was denied as redundant.  The Court notes this claim was raised in petitioner's Step 2 grievance.  Respondent also argues petitioner failed to raise his third claim, that there was insufficient evidence

---

[2]Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

to support a guilty finding, until his Step 2 grievance.   The Court disagrees with respondent's argument that these two claims are unexhausted and procedurally barred.

While "proper use" of the grievance system would be to raise a claim in a Step 1 grievance and then appeal the grievance to Step 2, *see Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004), the prison authorities did not deny petitioner's Step 2 grievance based upon any failure to present claims in his Step 1 grievance but, instead, denied the Step 2 grievance on the merits.   Thus, the undersigned does not find Grounds 1 and 3 should be dismissed as unexhausted.

IV.
STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process.   The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding.   In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there still are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974).

Those due process provisions are:

(1) advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563-566.   In her November 10, 2016 answer, respondent thoroughly and accurately analyzed how petitioner LEVI received all the due process he was entitled to under *Wolff,* and the Court will

not repeat respondent's recitation regarding these standards of review.    [ECF 20 at 15-16].

V.
MERITS

A.
Date, Time and Location in the Offense Description

By his first ground, petitioner contends the date, time and location of the offense listed on the Offense Report were wrong.    A closer review of petitioner's claim shows he actually takes issue with the date and time on the offense report that is different from what the officer testified to at the hearing.    A review of that report does appear to indicate the offense occurred on May 12, 2016 at 2:00 p.m.    [ECF 21-2 at 5].    Upon further review of the report, however, under the section entitled "Additional Information," the charging officer clarifies that he observed, during the course of an investigation while reviewing surveillance video, that the incident occurred on April 12, 2016 at 12:47 a.m.    *Id.*    In fact, as argued by respondent, petitioner questioned the May 12, 2016 offense date at the hearing, stating he was not living at the alleged location on that date.   [ECF 20 at 16, citing the hearing audio].    The DHO clarified and explained, "The case was written on '5/12,' but while reviewing surveillance video, 'cause we do that often, . . . it states that the incident actually occurred on April 12th at 12:47am." *Id.*    To the extent the Court can construe petitioner's argument as a violation of *Wolff, i.e.* lack of sufficient notice of the charge against him, petitioner's claim still fails.

"[E]ven in the event of a constitutional violation, a habeas petition may not be granted unless the petitioner demonstrates that he was prejudiced by the violation. *See, e.g., Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.1997) (holding that a petition must explain, "how the lack of that piece of information was prejudicial to the preparation of his defense").    *Mascitti v. Thaler*,

416 Fed. Appx. 411, 415 (5th Cir. 2011).   Petitioner has failed to demonstrate how the wrong date and time in the offense report prejudiced his defense, especially in light of the fact that the report, read in its entirety, did put him on notice of the offense date and time.   Additionally, while petitioner denied engaging in the alleged conduct, petitioner conceded at the hearing he was at the location alleged but argued he did not realize he was not allowed to be there.   The undersigned finds that petitioner has failed to show prejudice; accordingly, this claim should be denied.

B.
Surveillance Video

By his second claim, petitioner argues the DHO did not review the surveillance video, did not use it at the hearing to support the charging officer's testimony, and denied petitioner the right to see the video.   To the extent petitioner argues he was denied his right to present documentary evidence under *Wolff*, his claim is without merit.   Even though petitioner had earlier told his counsel substitute he wished to use the video, both petitioner and his counsel substitute declined to call any witness or present evidence when asked by the DHO at the hearing if they wished to do so. [ECF 21-2 at 4, 7].   Further, petitioner specifically stated he simply wished to cross-examine the charging officer and that he had prepared questions for his counsel substitute to do so.   *Id.*

To the extent petitioner argues that the exclusion of the video and/or the DHO's failure to review it violated TDCJ policy, such claims should be denied.   A complaint that TDCJ-CID did not follow its own administrative rules is not within the scope of federal review and is not cognizable herein.   Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure.   *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th

Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Thus, petitioner's second claim should be denied.

### C.
### Insufficient Evidence

Petitioner argues the evidence was insufficient to support a guilty finding. Specifically petitioner stated, "[T]he charge thay (sic) gave me a 20.3 does not consit (sic) of the things I was found guilty on. Thay (sic) didn't give a legal description to this code. Thay (sic) didn't take me to medical to get [an] exam." [ECF 3 at 7]. In his second objection to respondent's request for an extension of time petitioner states, "Respondants (sic) have no actual evidence to support their unlawful conviction…" [ECF 19 at 1].

The Fifth Circuit has declared that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001)(quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).

Petitioner takes issue with the fact the DHO and his counsel substitute failed to review the video of the alleged incident, relying instead on the charging officer's testimony of what occurred. Given the nature of the charge, it seems understandable why the DHO might not want to view the video; in any event, the video is merely duplicative of the officer's testimony and therefore not

necessary. Petitioner's claim is merely that the evidence is false and the activity did not occur. The charging officer testified otherwise, and that testimony constitutes enough evidence to support the disciplinary finding of guilt. Petitioner's third ground lacks merit and should be denied.

### D.
### Ineffective Assistance of Counsel Substitute

By his next ground, petitioner contends substitute counsel provided an inadequate defense. Specifically, petitioner claims substitute counsel refused to view the video and failed to present evidence. [ECF 3 at 7].

The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff,* 418 U.S. at 570). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing, as he was not entitled to representation. Because petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which this Court may grant habeas relief based on alleged ineffective assistance of counsel substitute. *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir.1976). Petitioner's fourth claim should be denied.

### VI.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICKEY EDWARD LEVI be DENIED.

### VII.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 27, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).